UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20721-CIV-ALTONAGA/SIMONTON

**ANDRE JEAN-JACQUES**,

    Plaintiff,

vs.

**ALUTIIQ-MELE, LLC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Reconsideration Pursuant to Rule 59(e) of Order Granting Defendant, Alutiiq-Mele, LLC.'s Motion to Dismiss the Amended Complaint ("Motion") [ECF No 26], filed on April 28, 2011.  The Motion contends "[t]his Court's Order which granted Alutiiq-Mele, LLC.'s Motion to Dismiss . . . contained manifest error(s) of fact [and] . . . . of law." (Mot. 3).  Plaintiff spells out two alleged factual errors and adds "it is a manifest error of law to dismiss the *Amended* Complaint without giving Plaintiff leave to amend to correct any ambiguous pleadings."  (*Id.*. 3–4) (emphasis added).

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (internal quotation marks omitted).  Plaintiff does not contend there has been a change in controlling law or that new evidence is available that would change the Court's previous determinations.  Instead, he rehashes the arguments he made previously and make a few new ones that he should have made in his response to the motion to dismiss — none of his arguments

Case No. 11-20721-CIV-ALTONAGA/Simonton

demonstrate clear error or manifest injustice. Plaintiff "cannot use a Rule 59(e) motion to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed.1995)).

Plaintiff had an opportunity to file an amended complaint and did so. The Court considered the First Amended Complaint [ECF No. 6] and found that Plaintiff failed to state a claim. (*See* Order [ECF No. 25]). While it is true "[t]he Court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), justice does not require the court to give leave to amend when, as here, amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 26]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of May, 2011.

*/s/ Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record